IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ARGO SYSTEMS FZE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **LIBERTY INSURANCE PTE. LTD.;** ) | **CIVIL ACTION NO. 04-0321-CG-M** |
| **MARINE INSURANCE SERVICES PTE.** ) | |
| **LTD.; DEWITT STERN GROUP, INC.;** ) | |
| **and DEWITT STERN, IMPERATORE,** ) | |
| **LTD.;** ) | |
| ) | |
| Defendants. ) | |

## ORDER

This cause is before the court on defendants', DeWitt Stern Group, Inc. and DeWitt Stern Imperatore (both defendants hereinafter collectively referred to as "brokers"), motion to dismiss (Doc. 142), memorandum in support thereto (Doc. 143 ), plaintiff's memorandum in opposition[1] (Doc. 147), and defendants' reply. (Doc. 149). Brokers seek dismissal from this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Upon consideration of all matters presented, and for the reasons stated herein, defendants' motion is due to be **DENIED**.

**I.    BACKGROUND**[2]

Plaintiff Argo Systems FZE ("Argo") is a limited liability company organized under the

---

[1] The court construes this memorandum in opposition to contain a Motion For Leave to Amend the Complaint to add a jurisdictional ground and additional claims.

[2] Unless otherwise noted, the facts are taken from plaintiff's amended complaint. (Doc. 147).

1

laws of Dubai, UAE.  Brokers are incorporated under the laws of the State of New York and have principal places of business in New York and New Jersey.  Plaintiff's claims arise out of the relationship between plaintiff's predecessor in interest and DeWitt Stern Imperatore, as its insurance broker. According to plaintiff, its representative, Richard Jaross, arranged with the brokers to obtain marine hull coverage for their vessel, the M/V COPA CASINO, for a single voyage under tow from Mobile, Alabama, to Alang, India, in March 2003, for an agreed value of $1,225,000.  Instead, however, plaintiff received a policy covering a voyage from Gulfport, Mississippi, to Alang, India.  Plaintiff avers that although brokers knew that the port of departure changed from Gulfport to Mobile, they failed to notify Liberty Insurance Pte. Ltd. (hereinafter "Liberty") and Marine Insurance Services Pte. Ltd. (hereinafter "MIS") (Collectively referred to as "underwriters") of the change in departure port.

The M/V COPA CASINO departed Mobile, Alabama, on the morning of March 3, 2003, taken in tow by the tug FAIRPLAY XIV.  The first eight days of the voyage were reportedly "uneventful."  By daybreak on the twelfth day of the voyage, however, the tug observed that the vessel had acquired a 5 to 7 degree list to starboard.  On March 16, 2003, as the vessel's condition worsened, the tug cut the wire.  Less than four hours later, the vessel sank.

"Following the total loss of the COPA CASINO, Argo notified [u]nderwriters of the loss and made its claim under the tow risk policy for the total amount of proceeds provided therein." In July 2003, underwriters denied coverage and this lawsuit followed.  This court dismissed underwriters from this action for lack of personal jurisdiction.  (Doc. 127).  Plaintiff's remaining claims against brokers are premised upon brokers' alleged failure to obtain the coverage that plaintiff believed it had bought and paid for.  The complaint sets forth four causes of action for:

2

(1) breach of contract; (2) breach of fiduciary duty; (3) professional negligence; and (4) negligent misrepresentation.

## II.     GOVERNING STANDARD

A challenge to a district court's subject matter jurisdiction implicates the court's very power to hear the case. Accordingly, the court is permitted to undertake a wide-ranging investigation and, in order to ascertain whether subject-matter jurisdiction exists, may look beyond the pleadings and may review or accept any evidence submitted by the parties. See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam). The Eleventh Circuit has cautioned, however, that if the facts necessary to sustain jurisdiction implicate the merits of the plaintiff's cause of action, the court should "find that jurisdiction exists and deal with the [jurisdictional] objection as a direct attack on the merits of the plaintiff's case." Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir. 1997). The burden of establishing a federal court's subject-matter jurisdiction, once challenged, rests on the party asserting jurisdiction. See Thomson v. Gaskill, 315 U.S. 442, 445 (1942); Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.), cert. denied, 449 U.S. 953 (1980).[3]

## III.     ANALYSIS

Brokers contend that "[c]laims for negligence against an insurance agent are not sufficiently related to maritime matters to fall within admiralty jurisdiction, and therefore courts do not have admiralty or maritime jurisdiction over such claims." (Doc. 143 at 2). According to brokers, because plaintiff's sole basis for jurisdiction against the defendants is admiralty or

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Id. at 1209.

maritime jurisdiction, the causes of action against the defendants must be dismissed for lack of subject matter jurisdiction. (Id.).  Plaintiff submits that even if its claims do not arise under the ambit of admiralty or maritime jurisdiction, federal courts are not precluded from determining the presence of an alternate basis of jurisdiction. (Doc. 147 at 3).  Although plaintiff did not assert diversity in its original complaint, plaintiff proffers an amended complaint in which plaintiff asserts additional grounds to support the existence of diversity jurisdiction.  (Id.).

        **A.**     **Leave to Amend**

At the outset, the court addresses plaintiff's request for leave to amend the complaint, which is contained in its response to the motion to dismiss.  (Doc. 147 at 11).  Defendants argue that plaintiff's motion should be denied because "the time for amending pleadings in this action has long expired."  (Doc. 149 at 4).  Thus, defendants contend, plaintiff must first demonstrate "good cause for the belated amendment under Rule 16" before considering whether the amendment is proper under Rule 15(a).  (Id. at 5).  Rule 16(b)'s good cause standard focuses upon the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party.  See FED. R. CIV. P. 16(b).  This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension."  Sosa v. Airprint Sys., 133 F.3d 1417, 1418 (11th Cir. 1998).  In this case, although defendants indicate that they raised an objection to subject matter jurisdiction in their answer, defendants did not file a motion to dismiss until after the Rule 16(b) scheduling order deadline passed.  Consequently, since plaintiff's tardy motion comes in direct response to defendants' belated motion to dismiss, this court will not bar plaintiff from modifying its complaint under Rule 16(b).

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a).  The Eleventh Circuit has explained that such leave should be "freely given," as required by the rule, except in the presence of countervailing factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1218 (11th Cir. 2004) (explaining that despite "freely given" language of Rule 15(a), leave to amend may be denied on such grounds as undue delay, undue prejudice, and futility).  Although whether to grant leave to amend rests in the district court's discretion, denying leave to amend is an abuse of discretion in the absence of a showing of one or more of the Foman factors.  See, e.g., Bryant v. Dupree, 252 F.3d 1161 (11th Cir. 2001) (lower court should have permitted amendment to complaint where there was no evidence of prejudice or undue delay); McKinley, 177 F.3d at 1258 (opining that district court abused discretion in refusing to permit amendment where opposing party would not be prejudiced); Loggerhead Turtle v. County Council of Volusia County, Fla., 148 F.3d 1231, 1257 (11th Cir. 1998) (overturning denial of leave to amend where defendant had not shown prejudice or undue delay).

Here, defendant suggests that "[i]f this Court finds that it lacks subject matter jurisdiction over DeWitt Stern and declines to exercise pendant jurisdiction, it may not hear a motion to amend the pleadings to assert jurisdiction under another section of the United States Code." (Doc. 143 at 9).  Defendant appears to ignore the prospect of this court exercising subject matter

jurisdiction over plaintiff's claims on an alternative jurisdictional basis predicated upon facts previously alleged. Plaintiff posits that "the complaint contains the necessary allegations to support diversity jurisdiction with the exception of the allegation of the principal place of business of Argo." (Doc. 147 at 10). As stated supra, plaintiff seeks to correct any jurisdictional defects by way of an amended complaint, in which plaintiff indicates that its principal place of business is Dubai and lists two of its claims as "breach of contract" and "breach of fiduciary duty." (Id. at 11).

Pursuant to 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended . . . in the trial or appellate courts." 28 U.S.C. § 1653. Moreover, in the absence of a showing of one or more of the Foman factors, denying leave to amend is an abuse of discretion. See, e.g., Bryant, 252 F.3d 1161. It follows that the interests of justice, fairness and judicial economy require some additional opportunity to "cure" any pleading defects regarding diversity of citizenship. See, e.g., Capital Asset Research Corp. v. Finnegan, 216 F.3d 1268, 1270 (11th Cir. 2000) ("[A] failure to plead is rarely, if ever, a jurisdictional defect. Rather, both the text of Rule 15(a) and the cases indicate that leave to amend pleadings shall be freely given when justice so requires."); Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) ("[A] party shall be allowed to amend its complaint in order to make a complete statement of the basis for federal diversity jurisdiction where 'diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist.'"); Stern v. Beer, 200 F.2d 794 (6th Cir. 1952) (If jurisdiction based on diversity of citizenship actually existed from facts at time complaint was filed, even though not properly pleaded, such formal defect did not deprive court of jurisdiction at time action was filed, if such defect be later corrected). Thus, plaintiff is

granted leave to amend its complaint to correct jurisdictional allegations.

As to plaintiff's request to add two claims, the court rejects plaintiff's contention that the addition would not prejudice the defendants. (Doc. 147 at 17). Defendants respond that "[they] would have conducted additional discovery if plaintiff had asserted these causes of action in its original complaint." (Doc. 149 at 8). For instance, defendants note that "[they] would have questioned Richard Jaross regarding any alleged breach of fiduciary duty, including relationship with DeWitt Stern. Such questions are not pertinent to a negligence or negligent misrepresentation claim." (Id.). Because the additional claims in the plaintiff's proposed amendment are based upon different legal theories, the need for additional discovery is persuasive as undue prejudice. Accordingly, plaintiff may not amend its complaint to add claims for breach of contract and breach of fiduciary duty.

### B. Diversity Jurisdiction

Plaintiff submits that even if its claims do not arise under the ambit of admiralty or maritime jurisdiction, this court has subject matter jurisdiction under 28 U.S.C. § 1332, which provides, in part, that "[t]he district courts shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332. "In order to sustain jurisdiction based on diversity of the parties, there must exist an actual, substantial controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." Williams v. Conseco, Inc., 57 F. Supp. 2d 1311, 1315 (S.D.Ala. 1999) (citations omitted). See, e.g., Halleran v. Hoffman, 966 F.2d 45 (1st Cir. 1992) ("Diversity jurisdiction requires complete diversity between all plaintiffs and all

defendants.").

As the pleadings demonstrate, complete diversity exists between the parties and the amount in controversy exceeds $75,000.  In particular, plaintiff establishes that it "is organized under the laws of the Country of Dubai, UAE, with a principal place of business in Dubai." (Doc. 147 at 1) (emphasis removed).  The brokers "are incorporated pursuant to the laws of New York and have principal places of business in New York and New Jersey."  (Id. at 4-5).  Plaintiff also provides that the amount of the claim is in excess of $1,225,000.00.  (Id. at 16).  Therefore, the plaintiff has satisfied the requirements set forth in 28 U.S.C. § 1332 to establish subject matter jurisdiction based upon diversity of parties.  Consequently, the court need not address any arguments concerning the existence of admiralty jurisdiction.

## CONCLUSION

Upon due consideration of all matters, and for the reasons stated herein, plaintiff's motion for leave to amend the complaint (contained in Doc. 147) is **GRANTED IN PART** and **DENIED IN PART,** and defendants' motion to dismiss (Doc. 142) is **DENIED**.

**DONE and ORDERED** this 18th day of August, 2006.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE